UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRANCE ALLEN,<br>   *Plaintiff*, | :   Case No. 3:23-cv-155 (OAW)<br>:<br>: |
| v. | :<br>: |
| NORTON,<br>   *Defendant*. | :<br>:   JUNE 28, 2023 |

## INITIAL REVIEW ORDER

Self-represented plaintiff Terrance Allen, a pretrial detainee currently incarcerated at Corrigan-Radgowski Correctional Center ("Corrigan"), has filed a complaint under 42 U.S.C. § 1983 naming as the defendant "Mail Handler Officer Norton, Corrections Officer." Compl. at p. 1, ECF No. 1.  He alleges that he received a letter nine months late while housed at MacDougall-Walker Correctional Institution ("Walker").  *Id.* at 5.  He seeks to "hold[ ] the mail room person accountable".  *Id.* at 9.

The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a government entity, or an officer or employee thereof.  28 U.S.C. § 1915A(a).  After review, the court must dismiss any complaint (or portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

### I.    FACTUAL BACKGROUND

While the court does not set forth all of the facts alleged in Plaintiff's complaint and in his attached exhibits, it provides the following factual context for its ruling, below.

1

On November 16, 2022, Plaintiff was given a letter sent nine months earlier. Compl. ¶ 1, ECF No. 1.  Plaintiff filed a grievance the following day.  *Id.* ¶ 6, p. 9. The grievance was rejected because he had not first attempted to resolve the issue informally. *Id.* at p. 7.  On December 12, 2022, Plaintiff submitted an Inmate Request asking how to submit one for a different correctional facility.  *Id.* at p. 11.  On December 20, 2022, he submitted an Inmate Request and learned the name of the mail handler.  *Id.* at p. 13.

## II. DISCUSSION

Plaintiff includes allegations and exhibits regarding exhaustion of administrative remedies.  The Prison Litigation Reform Act ("PLRA") requires a prisoner pursuing a federal lawsuit to exhaust available administrative remedies before a court may hear their case.  *See* 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA requires the inmate to properly use all steps required by the administrative review process applicable to the institution in which they are confined. *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011).  "Exhaustion is mandatory— unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96, *see also Jones*, 549 U.S. at 211.

While the PLRA mandates exhaustion, it also "contains its own, textual exception to mandatory exhaustion." *Ross v. Blake*, 578 U.S. 632, 642 (2016).  More specifically,

Section 1997e(a) provides that only those administrative remedies that "are available" must first be exhausted.  42 U.S.C. § 1997e(a); *Ross*, 578 U.S. at 642.  In the PLRA context, the Supreme Court of the United States has determined that "availability" means "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of."  *Ross*, 578 U.S. at 642 (internal quotation marks and citation omitted).  The *Ross* Court identified three circumstances in which internal administrative remedies are not available.  *Id.* at 643-44.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. at 643.  "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use."  *Id.* Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

In *Williams v. Priatno*, the United States Court of Appeals for the Second Circuit noted "the three circumstances discussed in *Ross* do not appear to be exhaustive[.]" 829 F.3d 118, 123 n.2 (2d Cir. 2016).  However, they provide the court with guidance. *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).  Here, administrative remedies were available to Plaintiff, but it does not appear that he utilized those procedures to "proper exhaustion", as required by *Jones,* 549 U.S. at 218.

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6 and may be found at portal.ct.gov/DOC/AD/AD-

3

Chapter-9. For matters relating to any aspect of a prisoner's confinement that are subject to the Commissioner's authority (and that are not specifically identified in Section 7 of Directive 9.6), the applicable remedy is the Inmate Administrative Remedy Procedure.

The procedure involves an informal resolution attempt, a grievance, and a grievance appeal. Each step includes time for the prison official to respond—fifteen business days for the informal resolution attempt, and thirty days for the grievance and grievance appeal. *See* Dir. 9.6(6). Each step also includes direction for proceeding to the next step when no response is received.

Exhaustion of administrative remedies is an affirmative defense on which the defendant bears the burden of proof. *See Jones*, 549 U.S. at 216. The court may dismiss a complaint for failure to exhaust administrative remedies where that failure appears on the face of the complaint. *See id*. at 214-15 (complaint may be dismissed sua sponte "when an affirmative defense ... appears on its face"); *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints," but "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (quoting *Jones*, 549 U.S. at 216).

The relevant procedures are as follows. Plaintiff was required to first attempt to resolve the matter informally. He could attempt to verbally resolve the issue with the appropriate staff member or supervisor. *See* Dir. 9.6(6)(a)(i)(1) & (2). If informal attempts are not effective, the inmate is required to make a written attempt by sending a specific form to the appropriate staff member. *See* Dir. 9.6(6)(a)(i)(3). Pursuant to the Directive, the correctional staff member is required to respond to the written request form within

4

fifteen business days of receipt.  *See* Dir. 9.6(6)(a)(i)(8).  If the inmate does not receive a satisfactory response within fifteen business days, they may file a Level 1 grievance.  *See* Dir. 9.6(6)(a)(ii)(1) & (2).  The Level 1 grievance must be filed within thirty calendar days of the cause of the grievance (or the discovery thereof).  *See* Dir. 9.6(6)(a)(ii)(4).

Plaintiff submitted his Level 1 grievance on November 17, 2022, one day after he received his mail.  It was rejected for not following administrative remedy procedures by first attempting an informal resolution.  Plaintiff does not allege to have had any verbal or "face to face" attempts at informal resolution.  *See Pierce v. Semple*, No. 3:18CV1858 (KAD), 2020 WL 229605, at *7 (D. Conn. Jan. 15, 2020).  When housed at a different facility than the defendant correctional mail handler, he did not submit a request to learn that mail handler's name until December 20, 2022, thirty-four days after the incident.

Plaintiff's documentation shows incomplete use of the administrative process.  It shows that he did not reach an administrative dead end; rather, DOC and ILAP guided him through the accessible, informal process, *see* Compl. at pp. 6–13.  When Plaintiff reported a desire "to resolve an issue of late mail" and asked for the mail handler's name, DOC was responsive in providing the name, and in seeking to clarify Plaintiff's concern ("What is the issue?").  *Id.* at p. 13.  Plaintiff does not aver further clarification on *his* end, nor any effort to informally resolve his alleged issue.  In sum, Plaintiff asked the name of a mail handler (to resolve a "mail issue"), he got a response, DOC asked him to clarify ("the issue"), and he took no additional timely action.  There is no claim that mail delivery continued to be delayed, nor that Plaintiff timely pursued any informal resolution.  The court appreciates Plaintiff's supplied documentation, but finds that his efforts fall short of "proper exhaustion."  Accordingly, the complaint must be dismissed.

## **ORDERS**

The complaint hereby is **DISMISSED** for failure to properly exhaust administrative remedies before commencing this action.  The Clerk of Court is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 28th day of June, 2023.

/s/<br>
Omar A. Williams<br>
United States District Judge